# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| THE GRIP MASTER CO. PTY. LTD., § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-07-4116 | |
| § | | |
| THE GRIPMASTER USA, INC. and § | | |
| HARRY E. SEWILL, § | | |
|     Defendants. § | | |

## MEMORANDUM AND ORDER

This patent case is before the Court on the Motion for Partial Summary Judgment ("Motion") [Doc. # 78] filed by Defendants The Gripmaster USA, Inc. ("Gripmaster USA") and Harry E. Sewill, to which Plaintiff The Grip Master Co. Pty. Ltd. ("Grip Master") filed a Response in Opposition [Doc. # 79]. Defendants neither filed a Reply nor requested additional time to do so. Based on the Court's review of the record and the application of governing legal authorities, the Court **denies** Defendants' Motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Grip Master, an Australian corporation, is the owner by assignment of United States Patent No. 6.449,803 ("the '803 Patent"), entitled "Grip for a Handle or Shaft." The invention relates to a grip for a handle, generally for a golf club or other article

of sporting equipment, having a strip of material wound around the handle and held in place by a "skirt" or "flange." Grip Master granted to Defendants the exclusive right to distribute its patented golf grips in the United States, Canada, and Europe.

Grip Master filed this lawsuit, alleging that it owns the '803 Patent and the trademark "The Grip Master," and that Gripmaster USA is infringing the patent and the trademark. Following a hearing pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 390 (1996), the Court issued its Memorandum on Claim Construction [Doc. # 36] on July 15, 2008.

Following an extended period of contentious discovery, Defendants filed their Motion for Partial Summary Judgment. Defendants seek summary judgment on Plaintiff's patent infringement and trademark dilution claims.

## II.   **STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Nat'l Union Fire Ins. Co. v. Puget Plastics Corp.*, 532 F.3d 398, 401 (5th Cir. 2008). If the

moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. *See Hines v. Henson*, 293 F. App'x 261, 262 (5th Cir. 2008) (citing *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004)). The Court construes all facts and considers all evidence in the light most favorable to the nonmoving party. *Nat'l Union*, 532 F.3d at 401.

## III.  ANALYSIS

Defendants argue that they are entitled to summary judgment on Plaintiff's patent infringement and trademark dilution claims. Plaintiff, in response, has presented evidence that raises a genuine issue of material fact regarding these two claims.

Defendants argue that they are entitled to summary judgment on Plaintiff's patent infringement claim because none of their activities constitute patent infringement. Plaintiff, however, has presented evidence that through the affidavit of Ian McConchie and through deposition testimony from Harry Sewill that all limitations of claims 1, 2 and 4 of the '803 Patent, as construed by the Court, are infringed by Defendants' "stitched-back" grips.[1] Plaintiff's evidence specifically raises a fact question regarding whether Defendants' practice of placing the wrapped

---

[1] It is clear from Plaintiff's Claim Construction Chart and from Plaintiff's Supplemental Answers to Interrogatories that Defendants' "stitched-back" grip is an accused device in Plaintiff's patent infringement claim.

panel around the core means once until the respective ends are "flush all the way" meets the claim limitation that the panel be "wound" or, as construed by the Court in the Memorandum on Claim Construction, wrapped around at least one of the handle, the shaft or the core means once or repeatedly."

Defendants also argue that they are entitled to summary judgment on Plaintiff's patent infringement claim because the only items that they have sold were purchased from Plaintiff and paid for in full. In support of their argument, Defendants rely on the doctrine of patent exhaustion, which provides that "the initial authorized sale of a patented item terminates all patent rights to that item." *See Quanta Computer, Inc. v. LG Electronics, Inc.*, 128 S. Ct. 2109, 2115 (2008); *United States v. Univis Lens Co.*, 316 U.S. 241, 249 (1942). Plaintiff has presented evidence, however, that Defendants have not paid for all the items that they are reselling. As a result, there is a genuine issue of material fact regarding the application in this case of the doctrine of patent exhaustion.

Defendants' final argument is that they are entitled to summary judgment on the trademark dilution claim because they are selling only genuine Grip Master grips. Plaintiff has presented evidence that raises a genuine issue of material fact regarding the trademark dilution claim. Specifically, Plaintiff has presented evidence that Defendants are selling altered, rather than genuine, Grip Master grips. For example,

Harry Sewill testified that Gripmaster USA obtains genuine Grip Master grips, disassembles them, rewraps them, and restitches them. Sewill also testified that the reconstructed grips are sold under Plaintiff's trademark without notice that they have been altered. Plaintiff's evidence raises a genuine issue of material fact that must be resolved by the trier of fact.

## IV.  CONCLUSION

Grip Master has presented evidence that raises a genuine issue of material fact in support of its patent infringement and trademark dilution claims. As a result, it is hereby

**ORDERED** that Defendants' Motion for Partial Summary Judgment [Doc. # 78] is **DENIED**.

SIGNED at Houston, Texas, this **1st** day of **July, 2009**.

_____
Nancy F. Atlas
United States District Judge